IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BLACKHORSE OILFIELD SPECIALTY & SUPPLY, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-14-847 |
| LK TRADING, LLC, SHAVON DAS, and MANIDHARI GUMS & CHEMICALS, | § § § § | |
| Defendants. | § | |

MEMORANDUM AND ORDER

Pending is Defendant LK Trading, LLC's Motion of Summary Judgment (Document No. 35). After carefully considering the motion, response, reply, sur-reply, second reply, and applicable law, the Court concludes as follows.

I. Background

This suit arises from a February 2014 transaction in which Plaintiff Blackhorse Oilfield Specialty & Supply, LLC ("Plaintiff") paid to New Age Holdings, LLC ("New Age") $250,000 for the purchase of 400,000 pounds of guar gum, which New Age did not deliver to Plaintiff.[1] Plaintiff names as Defendants LK Trading, LLC ("LK Trading"), Shavon Das ("Das"), and Manidhari Gums & Chemicals

---

[1] An extensive recitation of the facts of this case is found in the Court's Findings of Fact, Conclusions of Law, and Order on Plaintiff's Motion for Preliminary Injunction. Document No. 20. Plaintiff in its opposition to Defendant's motion relies exclusively on the evidence produced at the injunction hearing.

("Manidhari"), alleging that Plaintiff paid New Age the purchase price for the guar gum, New Age in turn paid its supplier Manidhari--an Indian supplier of guar gum--for the guar gum, which was not delivered to Plaintiff, and that Defendants conspired unlawfully to deprive Plaintiff of its property and money.[2] LK Trading, the only Defendant to have appeared,[3] is the owner of 160,000 pounds of guar gum that Plaintiff sought to enjoin LK Trading from selling or moving, under the mistaken assumption that LK Trading's guar gum did not belong to LK Trading but was the product intended to fill Plaintiff's purchase order to New Age.[4] After an evidentiary hearing on May 20, 2014, the Court denied Plaintiff's motion for a preliminary injunction, finding that Plaintiff had not shown a substantial likelihood of success on the merits of any of its claims against LK Trading.[5]

Plaintiff's First Amended Complaint alleges against Manidhari claims for conversion and money had and received, and against all

---

[2] Document No. 47 (1st Am. Compl.).

[3] Defendant Das is the president of LK Trading. Das testified at the preliminary injunction hearing, but he was not a named defendant at the time and there is no record of Plaintiff having served him. Plaintiff has thus far been unsuccessful in its attempts to serve Manidhari in India.

[4] LK Trading's ownership of the subject guar gum was conceded by Plaintiff at the injunction hearing. *See* Document No. 48-1 at 31:11-14 ("Q. So you--as we sit here today, you do not contest that LK Trading owns the guar gum under seizure in Overland Distribution's warehouse? A. No, sir, I didn't.").

[5] Document No. 20.

Defendants claims for violation of the Texas Theft Liability Act and civil conspiracy.[6] LK Trading moves for summary judgment, arguing that Plaintiff has not produced any evidence to support its claims against LK Trading.[7]

## II. Legal Standard

Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted. Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice. Id. "[T]he nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." Id. "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . or (B) showing that the materials cited do not establish the absence or presence

---

[6] Document No. 47.

[7] Document No. 35.

3

of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." Id. 56(c)(3).

In considering a motion for summary judgment, the district court must view the evidence "through the prism of the substantive evidentiary burden." Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2513 (1986). All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986). "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper. Kelley v. Price-Macemon, Inc., 992 F.2d 1408, 1413 (5th Cir. 1993). On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper." Id. Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial." Anderson, 106 S. Ct. at 2513.

## III. Analysis

### A. Texas Theft Liability Act

Plaintiff's First Amended Complaint alleges that Manidhari unlawfully appropriated Plaintiff's funds in violation of the Texas Theft Liability Act ("TTLA"), and that "LK Trading and Shavon Das acted in concert with Manidhari with the specific intent to do harm to others and thus is [sic] jointly and severally liable for the theft under Section 33.013(b)(2)(H) of the Texas Civil Practice & Remedies Code."[8]

The TTLA provides that "[a] person who commits theft is liable for the damages resulting from the theft." TEX. CIV. PRAC. & REM. CODE § 134.003(a). To succeed on a claim under the TTLA, Plaintiff must establish that: "(1) the plaintiff had a possessory right to property or was the provider of services; (2) the defendant unlawfully appropriated property or unlawfully obtained services in violation of certain sections of the Penal Code; and (3) the plaintiff sustained damages as a result of the theft." Wellogix, Inc. v. Accenture, LLP, 788 F. Supp. 2d 523, 542 (S.D. Tex. 2011). The evidence at the May 20, 2014 injunction hearing--which evidence Plaintiff exclusively relies upon--includes Plaintiff's admission that the guar gum at issue belongs to LK Trading and that Plaintiff has no evidence that any of Plaintiff's money was ever transmitted

---

[8] Document No. 47 ¶¶ 26-31.

to LK Trading.[9] Plaintiff produces no controverting evidence, and has failed to raise a genuine issue of material fact that LK Trading unlawfully appropriated Plaintiff's property in violation of the TTLA.

Section 33.013(b)(2) of the Civil Practice and Remedies Code does not save Plaintiff's TTLA claim. That section imposes joint and several liability upon defendants who have committed certain theft crimes, but only if "the defendant, with the specific intent to do harm to others, acted in concert with another person to engage in the conduct described in the following provisions of the Penal Code and in so doing proximately caused the damages legally recoverable by the claimant." See TEX. CIV. PRAC. & REM. CODE § 33.013(b)(2)(M).[10] Plaintiff has provided no evidence that LK

---

[9] See Document No. 48-1 at 35:24-36:9 ("Q. Do you have any information that LK Trading received any of the money that was given to Mr. Korn? A. I have no idea. No. Martin sent the money over to Manidhari, or Manish. Q. And my question is: Do you have any information that any of the money was ever transmitted to LK Trading? A. I have no idea if it was or not. Q. Now, based on the information you just received, you now realize that the goods in the warehouse are owned by LK Trading, correct? A. Yes, sir."). See also Document No. 20 at 9 (Court's Finding of Fact that "Plaintiff has offered no evidence that LK Trading appropriated any money or property from Blackhorse, or money or property to which Blackhorse had a possessory right, and therefore Blackhorse has not shown a likelihood of success on the merits of its Texas Theft Liability Act claim against LK Trading.").

[10] Plaintiff mistakenly cites to Section 33.013(b)(2)(H), which relates to crimes of forgery, but presumably intended to cite to subsection M, which applies to "conduct described in Chapter 31 [of the Texas Penal Code, governing theft crimes,] the punishment level for which is a felony of the third degree or higher."

6

Trading acted with the specific intent to do any harm to Plaintiff, or that it acted in concert with any other person to commit theft from Plaintiff. The uncontroverted summary judgment evidence is that LK Trading upon request gave permission to the warehouse to provide samples of LK Trading's guar gum to Plaintiff and to New Age. In the absence of any evidence that LK Trading independently or as part of a conspiracy acted to commit theft with the specific intent to do harm to Plaintiff, there is no basis for liability under Section 33.013. See also id. § 33.013(d) ("This section does not create a cause of action.").

B.  Civil Conspiracy

Plaintiff alleges that LK Trading conspired with Das and Manidhari to deprive Plaintiff of its property, resulting in harm to Plaintiff.[11] Plaintiff argues that "there is ample circumstantial evidence such that a reasonable fact-finder could infer that a meeting of the minds between LK Trading and Manidhari existed to induce Blackhorse to transfer money to Manidhari (through New Age) without ever intending to release the Goods."[12] Plaintiff's theory is that LK Trading, which owed money to Manidhari, assisted Manidhari by "using the Goods as bait," allowing Plaintiff and New Age to take samples from LK Trading's

---

[11] Document No. 47 ¶¶ 35-41.

[12] Document No. 38 at 8.

7

guar gum while under the belief that it belonged to Manidhari and was available for sale.[13]

A cause of action for civil conspiracy under Texas law requires the plaintiff to establish the following elements: "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result." Apani Sw., Inc. v. Coca-Cola Enterprises, Inc., 300 F.3d 620, 635 (5th Cir. 2002) (quoting Massey v. Armco Steel Co., 652 S.W.2d 932, 934 (Tex. 1983)). "Conspiracy may be proved by inferences from circumstantial evidence, but inferring an agreement to the ultimate injury generally arises from joint participation in the transactions *and from enjoyment of the fruits of the transactions.*" Chu v. Hong, 249 S.W.3d 441, 447 (Tex. 2008) (emphasis in original) (internal quotation marks and citations omitted).

Plaintiff has produced no direct evidence of the existence of a meeting of the minds needed to establish conspiracy,[14] nor of any benefit received by LK Trading from Manidhari's alleged fraud. LK

---

[13] Id.

[14] *See* Document No. 48-1 at 38:8-17 ("Q. I am talking about documents of conspiracy. Okay. Other than what you contend are the documents that I produced to your counsel, showing the purchase of the guar gum, any other documents which you contend show a conspiracy between LK Trading and Manidhari? A. I don't have anything, sir. Q. Likewise you had--did not overhear any conversations of conspiratorial talk between any representative of LK Trading or Manidhari, correct? A. No, sir.").

Trading has produced affidavit testimony that "LK Trading had nothing to do with the Blackhorse/New Age transaction" and that it "did not receive any monies which may have been transferred to Manidhari by Blackhorse."[15] Furthermore, it is undisputed that LK Trading had no communication with Plaintiff regarding this transaction,[16] and that LK Trading's only communications with New Age relating to this transaction--in which there is a fact dispute as to whether LK Trading misrepresented to New Age that its guar gum was owned by Manidhari--occurred *after* New Age had already wired the presumed purchase money to Manidhari in India.[17] Viewing

---

[15] Document No. 35-2 ¶¶ 4, 14 (Aff. of Shovan Das).

[16] Document No. 48-1 at 28:25-6.

[17] Id. at 68:2-17. The summary judgment evidence is that New Age's president, Martin Korn, called LK Trading's Das because he was concerned that he had not heard back from Manidhari after wiring the money to Manidhari. Id. at 49:7-17. Das reassured Korn that Manidhari's operator, Manish Chhajer, came from a rich family and that there was no problem. Id. at 49:17-22. Korn also testified that "in the first phone call, I should add, he [Das] says he needs a--only a e-mail from Manish, or a phone call from Manish, to tell him to release it and he will right away release it." Id. at 50:6-9. Korn further testified that "[a]ccording to Mr. Das, because he told me that on the phone, on these phone calls, he said that he didn't have in 2013 any business with Manidhari, but he confirmed to me that he is holding the goods under his name for Manidhari, and he does so because--that's what Manidhari tells me, is because Manidhari was before in another warehouse, and the charges for those warehouse was very high." Id. at 70:3-10. Das admitted to having talked with Korn and that he told Korn that Manish Chhajer came from a rich family and is well off, but denied that he ever said he [Das] was holding Manidhari's goods. "I am holding my goods." Id. at 101:3-8. Viewing the evidence in the light most favorable to non-movant, LK Trading misrepresented to New Age that LK's guar gum was owned by Manidhari.

9

the evidence in the light most favorable to Plaintiff, LK Trading authorized Plaintiff and New Age to take samples of its inventory and--after New Age paid Manidhari--told New Age that LK Trading's guar gum was guar gum that belonged to Manidhari. Absent any evidence of any communication between LK Trading and Manidhari regarding Plaintiff's transaction, or of any benefit received by LK Trading from the transaction, this evidence is insufficient to establish a meeting of the minds between LK Trading and Manidhari fraudulently to deprive Plaintiff of its property. Accordingly, Plaintiff has not raised a genuine issue of material fact that LK Trading is liable for conspiracy.[18]

## IV.  Additional Motions

### A.  Rule 56(d) Continuance

Plaintiff requests in the alternative that the Court deny or defer ruling on LK Trading's motion until Plaintiff has a chance to undertake further discovery.[19] Rule 56(d) provides that if a party opposing summary judgment "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify

---

[18] *See also* Document No. 20 at 9-10 (Court's Finding of Fact that "[t]here is no evidence that LK Trading and Manidhari conspired with one another to deprive Blackhorse of its property or money, and hence Blackhorse has not shown a likelihood of success on its conspiracy claim against LK Trading.").

[19] Document No. 38 at 9-10.

10

its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." FED. R. CIV. P. 56(d). Plaintiff produces a declaration of its counsel stating that Plaintiff has not engaged in extensive discovery yet because of the "complicated procedural and factual history," the difficulty in serving Manidhari, and the strain on Plaintiff's limited resources from defending itself in a related case brought by the intended end-user of the guar gum Plaintiff purchased from New Age.[20] Plaintiff's counsel on October 28, 2014, stated he planned "to collect additional evidence to support Blackhorse's claim in this case within the next 30 days."[21] LK Trading responds that Plaintiff filed this suit on March 20, 2014, and the injunction hearing was held on May 20, 2014, at which time LK Trading informed Plaintiff it would file a motion for summary judgment, and yet Plaintiff still [as of October 30th] has propounded no written discovery.[22]

"To obtain a continuance of a motion for summary judgment, a party must 'specifically explain both why it is currently unable to present evidence creating a genuine issue of fact and how a continuance would enable the party to present such evidence.'"

---

[20] Document No. 38-1.

[21] Id.

[22] Document No. 46 at 12.

11

<u>Access Telecom, Inc. v. MCI Telecommunications Corp.</u>, 197 F.3d 694, 719 (5th Cir. 1999) (quoting <u>Liquid Drill, Inc. v. U.S. Turnkey Exploration, Inc.</u>, 48 F.3d 927, 930 (5th Cir. 1995)). "The non-moving party may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts in opposition to summary judgment." <u>Id.</u> at 720.

Plaintiff on its own timing filed this suit nearly ten months ago, moved for an evidentiary hearing on its motion for preliminary injunction and presented its best case, and thereafter--from the evidentiary hearing on May 20, 2014, until it filed its response on October 28, 2014, Plaintiff sought no additional discovery in this case. Even now, Plaintiff has not offered additional evidence, if any, derived from its October 28, 2014 planned discovery requests to be served on LK Trading and the non-party warehouse operator, Overland Distribution, Inc. Considerably more time has now expired than Plaintiff's projected 30 days in which to gather its additional proof. Moreover, Plaintiff has not specified what additional discovery Plaintiff sought or is required; what exact evidence the additional discovery is expected to produce; what additional evidence is expected to be found that can overcome Plaintiff's judicial admission that the disputed quantity of guar gum was owned by LK Trading, with whom Plaintiff had had no dealings; and why in the exercise of reasonable diligence Plaintiff could not have completed such specific discovery during the nearly

eight months following the evidentiary hearing. "Vague assertions" are not enough. Id. Plaintiff's alternative motion for continuance of the summary judgment motion is therefore DENIED.

B. <u>Rule 11 Sanctions</u>

LK Trading states in its motion for summary judgment that Plaintiff violated Rule 11 by failing to undertake a reasonable investigation, and that even a cursory investigation would have revealed "that New Age had no contract to purchase the goods owned by LK Trading and . . . that the goods were part of another purchase for a separate company and transaction."[23] LK Trading seeks to recover as a sanction its "attorney fees and costs for having to defend this litigation," in an amount to be determined "at a separate hearing or motion."[24] Rule 11 requires that "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." FED. R. CIV. P. 11(c)(2). LK Trading's Rule 11 motion embedded in its Motion for Summary Judgment is therefore procedurally defective and, accordingly, is DENIED.

---

[23] Document No. 35-1 at 9.

[24] Id.

13

V. <u>Order</u>

For the foregoing reasons, it is

ORDERED that Defendant LK Trading, LLC's Motion of Summary Judgment (Document No. 35) is GRANTED, and Plaintiff Blackhorse Oilfield Specialty & Supply, LLC's claims against LK Trading, LLC are DISMISSED with prejudice.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this 15TH day of January, 2015.

*[signature: Ewing Werlein, Jr.]*

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE